IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-331 |
| vs. | SUPPLEMENTAL FINDINGS |
| ALISHA TREVINO, | |
| Defendant. | |

This matter is before the Court on the government's "Statement of Position Regarding the Revised Presentence Investigation Report" (filing 118), which was filed as a sealed motion, and the defendant's "Statement of Defendant's Position Regarding Sentencing" (filing 168), which was filed as an objection to the presentence report.

The sentencing schedule in this case set a deadline of May 4, 2017 for "filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report." Filing 61 at 1-2. The sentencing schedule also provided that if evidence was to be offered with respect to such an objection,

> it must be: by affidavit, letter, report or other document attached to the statement of position or by oral testimony at the sentencing hearing. If oral testimony is desired, a request must be made in the statement of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of documentary

> evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses.

Filing 61 at 2. As of May 8, no such statements or objections had been filed, so the Court entered tentative sentencing findings reflecting "no objections or motions that require resolution at sentencing." Filing 90 at 2.

The government filed its sentencing statement on June 6. Filing 118. The government notes that in the plea agreement, the parties agreed to a drug quantity resulting in a base offense level of 36. Filing 63 at 4; *see* U.S.S.G. § 2D1.1(c)(2). But the presentence report finds a drug quantity resulting in a base offense level of 38. The government asks the Court to accept the plea agreement. Filing 118 at 2. The government also notes that the parties had disagreed about whether the offense level should be enhanced for maintaining a "stash house," and that the government, to the extent consistent with the plea agreement, "intends to offer evidence at sentencing concerning the enhancement for maintaining a premises for the purpose of distributing a controlled substance, pursuant to U.S.S.G. § 2D1.1(b)(12)." Filing 118 at 2. The form of that evidence was not articulated.[1]

The defendant filed her sentencing statement on September 12. Filing 168. The defendant also asks the Court to accept the plea agreement. Filing 168 at 2. The defendant further objects to the "stash house" enhancement,

---

[1] The plea agreement memorialized the parties' agreement that "the Court will resolve the issue of the application of U.S.S.G. § 2D1.1(b)(12) at sentencing based upon the discovery and any proffer interview reports provided to the defendant." That is presumably what the government intends to offer, but it has not yet been provided to the Court, and the Court does not want to be in the awkward position of reading discovery materials and proffer statements for the first time during the sentencing hearing.

and proffers a narrative of events in support of that argument. Filing 168 at 1-2. And the defendant says that "[i]f the court needs actual testimony in this regard [she] will make herself available to testify. . . ." Filing 168 at 2.

The parties' neglect of the Court's sentencing schedule has been less than helpful. Had the parties, as directed, provided any documentary evidence to the Court along with their sentencing statements, and filed those sentencing statements as contemplated by the sentencing schedule, the Court could have evaluated the evidence and actually *made* tentative sentencing findings with respect to the contested issues. The Court is now less than a week from a sentencing hearing, with very little information about the evidence upon which the Court's sentencing determination is to be based. And the Court has scheduled 30 minutes for sentencing, with three more hearings to follow in succession, but neither party has indicated a need for more time, despite an apparent intent to present documentary evidence for the Court to review, and perhaps live testimony as well.[2] In short, it is not clear to the Court whether enough time is available for sentencing and, if so, upon what the Court's factual findings will be based.

Furthermore, the Court is only obliged to resolve a factual dispute with respect to the presentence report on the basis of the evidence when the defendant makes a specific objection. *United States v. May*, 413 F.3d 841, 848-49 (8th Cir. 2005). The Court may regard as true facts contained in the presentence report to which no specific objection is made. *Id.* at 849. And an *untimely* objection to a fact in the presentence report does not change the

---

[2] Whether the Court "needs actual testimony" from the defendant, *see* filing 168 at 2, depends on what the defendant wants the Court to consider. What the Court needs is *evidence*, and the factual representations contained in the defendant's sentencing statement are not evidence.

fact's "undisputed" status, so the Court may adopt the fact without requiring any additional evidence. *Id.*

In this case, because the government has already represented its intent to adduce evidence relating to the "stash house" enhancement, the Court will resolve at sentencing whether the government has met its burden of proving the applicability of that enhancement. *See [United States v. Shelabarger, 770 F.3d 714, 717-18 (8th Cir. 2014)](.).* In doing so, the Court will consider whether the defendant held a possessory interest in the premises and the extent to which the defendant controlled access to or activities at the premises, and whether maintaining the premises was one of the defendant's primary or principal uses for the premises, based upon how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes. *See* § 2D1.1 cmt. n. 17. Likewise, the Court will consider at sentencing whether to accept the plea agreement with respect to the drug quantity calculation.

IT IS ORDERED:

1. The parties shall provide the Court as soon as possible, but in no event later than 5 p.m. on Friday, September 15, 2017, with copies of any documentary evidence they intend to present at sentencing with respect to the applicability of the 2-level "stash house" enhancement.

2. The parties shall advise the Court as soon as possible, but in no event later than 5 p.m. on Friday, September 15,

2017, whether additional time is required for sentencing or whether the sentencing hearing should be continued.

3. The government's "Statement of Position Regarding the Revised Presentence Investigation Report" (filing 118), and the defendant's "Statement of Defendant's Position Regarding Sentencing" (filing 168) will be taken under advisement and disposed of at sentencing.

Dated this 14th day of September, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge